## Mary C. Thiry v. Joe Edson.

### Gen. No. 4,627.

1. CONTRACT—*what equivalent to forfeiture of, for sale of land.* A demand of possession preliminary to an action of forcible detainer, made pursuant to a provision contained in a contract of sale, is equivalent to the exercise of an option by the vendor to forfeit the contract and seek to recover possession of the land, as provided in the contract.

2. TENDER—*when comes too late.* A tender of performance comes too late after an election of forfeiture duly made.

Action in forcible detainer. Appeal from the Circuit Court of Grundy county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the April term, 1906. Reversed and remanded. Opinion filed October 16, 1906.

J. G. PETTEYS, for appellant.

E. L. CLOVER, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

This is an action in forcible detainer, brought by appellant in the County Court of Grundy county against appellee for the possession of lot 18, in block 7, of Turner's Addition to Morris, Illinois. By agreement, the venue was changed to the Circuit Court, where a jury was waived and the cause was submitted to the court on an agreed state of facts embodied in a stipulation filed in the case. There was a finding and a judgment in favor of appellee, and this appeal is prosecuted to review such judgment.

From the stipulation entered into, it appears that one John Ferris, on the 2nd day of August, A. D. 1898, made, executed and delivered to appellee a certain contract in writing for the sale of the premises in question for the sum of $350, which was to be paid as follows: $25 on delivery of the instrument, and the remainder in monthly payments of $4 each until the full

amount was paid. Time was made of the essence of the contract. Appellee entered into possession of the premises at the time of the execution of the contract. On April 6, 1901, Ferris assigned his contract to appellant, accompanying the assignment with a deed conveying to her all his right, title and interest in and to the premises. No payments were made on this contract by appellee or by any one in his behalf from October 3, 1901, to and including December 30, 1904. On the last date appellant caused a written notice to be served on appellee, demanding immediate possession of the premises, and on the same day, thirty minutes later, appellee tendered to appellant all moneys that were due and to become due under said contract, and kept the tender good.

The eleventh paragraph of the stipulation is as follows: "The only point at issue between the parties hereto is whether or not the said tender was good for the purpose of defeating this suit."

The evidence in this case shows that appellant was the assignee of the vendor of the premises described in the contract of purchase and therefore succeeded to all his rights; that appellee entered into possession under the written contract of purchase; that appellee failed to comply with his agreement in not paying the installments as they became due; that he held possession after default in said payments; that appellant made a proper demand in writing for immediate possession which was refused. This suit is brought under the following part of Section 2 of the Forcible Entry and Detainer Act: "The person entitled to the possession of lands or tenements may be restored thereto in the manner hereinafter provided: * * * 5th. When a vendee, having obtained possession under a written or verbal agreement to purchase lands or tenements, and having failed to comply with his agreement, withholds possession thereof after demand in writing by the person entitled to such possession."

The facts above stated show that appellant clearly brought herself within the terms of the above statute, provided she is a "person entitled to such possession." That must be determined from the contract. One clause thereof was as follows: "In case of the failure of said party of the second part to make either of the payments or any part thereof or perform any of the covenants on his part hereby made and entered into, this contract shall at the option of the party of the first part be forfeited and determined, and the party of the second part shall forfeit all payments made by him on this contract, and such payment shall be retained by the said party of the first part in full satisfaction and in liquidation of all damages by him sustained, and he shall have the right to re-enter and take possession of the premises aforesaid." This is the only clause of the contract which has any tendency to show that it was agreed that appellee should be let into possession. This clause, however, clearly implies that it was a part of the contract that he should be let into possession. As we construe this clause of the contract, it is only when the vendor has exercised his option to forfeit the contract that he is entitled to re-enter and take possession. That being so, when the appellant, the assignee of the vendor after appellee had violated the contract, demanded possession of the premises from the vendee, she thereby exercised her option to forfeit the contract; and such service of a written demand of possession was equivalent to a forfeiture of the contract. The contract being forfeited, appellant by the terms of the contract became entitled to possession, and her proof brought her in all respects within the terms of the statute above quoted. After she had become entitled to possession upon a forfeiture of the contract, it was too late for appellee to make any tender which would be available as a defense to this action in a court of law. Chrisman v. Miller, 21 Ill. 227; 2 Warvelle on Vendors, Chap. 30,

Sec. 1. If he has any remedy it is in equity. Monsen v. Stevens, 56 Ill. 335. It follows that under the stipulated facts appellant was entitled to recover.

The judgment is, therefore, reversed and the cause remanded for a new trial.

*Reversed and remanded.*