[No. 7317.  Decided October 14, 1908.]

SPOKANE, PORTLAND & SEATTLE RAILWAY COMPANY,
*Respondent*, v. I. J. BALLINGER *et al., Appellants.*[1]

VENDOR AND PURCHASER — CONTRACTS — OPTIONS — ACCEPTANCE — FAILURE TO EXERCISE OPTION. An option agreement for a railroad right of way, whereby the owners agree to convey the right of way within six months upon payment of $900, and wherein it is stipulated that if the company fail to exercise the option within the time specified the agreement shall be null and void, is not changed into a contract binding upon both parties, in which time would not be of the essence, by a written letter of acceptance stating that the payment agreed upon would be made; but time is of the essence, and if tender is not made within the time fixed the contract is at an end.

SAME — PERFORMANCE — WAIVER — ESTOPPEL. The fact that the vendors in an option agreement for a railroad right of way allowed the company to go on the premises and make improvements during the period of the option, does not estop them from insisting upon a strict performance of the agreement, and in refusing to make a conveyance where tender of the price was not made within the time specified.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered December 9, 1907, upon findings in favor of the plaintiff, after a trial before the court without a jury, in an action for specific performance. Reversed.

*Merritt, Oswald & Merritt,* for appellants.

*Cannon & Lee,* for respondent.

DUNBAR, J.—This is an action to compel specific performance of an agreement for the sale and purchase of a railroad right of way, entered into by appellants and respondent. The agreement consists of a right of way option and letter of acceptance. The right of way agreement was as follows:

"In consideration of the sum of one dollar to us in hand paid, the receipt of which is hereby acknowledged, and the

[1] Reported in 97 Pac. 739.

further sum of eight hundred ninety-nine and no-100 dollars, to be paid on the execution of the deed hereinafter mentioned, we have agreed, and by these presents do agree, on written request, within six months from date, to sell and convey to the Portland and Seattle Railway Company, a Washington corporation, free and clear of all encumbrances, a right of way for its road over and across [here follows description], and upon payment .of said sum of nine hundred dollars ($900), we agree to make a good and sufficient deed to said company for said right of way, the company to have the right to enter and construct its road across said premises in the meantime. (Should the said company fail to exercise this option to purchase said right of way within six (6) months from the date hereof, then this agreement to be null and void.) Said company to provide one surface crossing and one 6-foot arch for the passage of stock under the track of said road, this agreement as to the arch subject to a division engineer's approval.

"In Witness Whereof, we have hereunto subscribed our names this 26th day of December, 1906.

In the presence of          I. J. Ballinger.
Geo. I. Hinckley.           Elizabeth Ballinger."

This right of way agreement was entered into on the 26th day of December, 1906. On the 4th day of January, 1907, the respondent sent to the appellants what it terms its acceptance of the option, which was as follows:

"Spokane, Washington, January 4, 1907.
"I. J. Ballinger, Esq., and Elizabeth Ballinger,
    "Cheney, Washington.
"Dear Sir and Madam: Referring to right-of-way agreement made with each of you on December 28th, 1906, by which you agree to convey to Portland and Seattle Railway Company a right of way over the west half of the northwest quarter of section ten, the east half of the northeast quarter of section nine, twenty-two, forty-one.

"On behalf of the Portland and Seattle Railway Company, I beg to advise you that the same is hereby accepted and we will be prepared to make payment agreed and take title to the right of way strip. Yours truly, W. C. Sampson, Right of Way Agent."

Upon failure to pay the amount of money stipulated, the appellants notified the respondent that it (the respondent) had no interest in the land, and demanded possession of the same. The respondent entered into the possession of the land and expended a large amount of money in constructing the road. After the notification to respondent by the appellants that it had no further interest in the land, the respondent tendered to the appellants the stipulated price for the land and demanded a deed, which was refused. This action was commenced in August, 1907, by the respondent, to procure a restraining order, by which appellants were restrained from interfering with respondent's possession of said real estate and constructing a railroad thereon. The trial court found, among other things, the agreements as set forth above; that time was not of the essence of the contract for the purchase and sale of said lands; and that respondent was entitled to the exclusive possession of said right of way strip, and to a specific performance of the contract. Judgment was entered in accordance with these findings, and appeal followed.

The trial court evidently based its judgment on the assumption that the acceptance of the option by the respondent changed the transaction between the parties from an option to an agreement to sell, binding upon both parties to the agreement and enforcible by either, and that this acceptance by the respondent destroyed and annulled the conditions of the option contract; else it could not have found that the payment of the purchase price was not a condition precedent, and that time was not of the essence of the contract. In this we think the court erred. An option is a common and familiar method of securing the right to buy land, the purchaser paying a certain amount with the privilege of forfeiting that amount if he does not see fit to pay the full purchase price agreed upon on or before a stipulated time. The conditions are plain and easily understood. If the purchase price is paid or tendered within the time specified, the obligation of the vendor is to give a deed. If it is not, no obligation whatever

rests upon him.    The limitation has been fixed by the parties
and it is as binding as any statutory limitation.

It is difficult to see how the plain provisions of this option
contract could be annulled by the announcement by the re-
spondent that the agreement was accepted.    Most certainly
it was accepted when the one dollar consideration was paid
and the agreement to sell upon certain conditions was execut-
ed by the appellants.    Can it be that the mere notification of
acceptance stripped away all the appellants' rights under the
contract, and left them nothing in return?    The contract
specially provides that, should the said company fail to exer-
cise the option to purchase the right of way within six months,
the agreement should be null and void.    This certainly made
time the essence of the contract, if time can be made the es-
sence of a contract.    Now, what is meant by the words "fail
to exercise," etc?    This question is answered by the respondent
in its note of acceptance, viz., that it would be prepared to
make the payment agreed and take title.    There is nothing to
indicate that it would accept some of the conditions of the
option contract and abrogate others; but it accepted them
all.    It seems to us that this letter of acceptance neither added
to, nor took away, anything from the contract, and was cer-
tainly entirely useless.    But if it was necessary, by its refer-
ence to the contract and its acceptance of the conditions there-
in expressed, it must be held to have accepted all the conditions
of the contract, and that is all there is in this case.    The re-
spondent entered into an option agreement to pay a particular
price at a definite time, and it allowed the time to expire.    The
appellants' contention is plainly sustained by the authorities
cited, viz:    *Neeson v. Smith*, 47 Wash. 386, 92 Pac. 131;
*Waterman v. Banks*, 144 U. S. 394, 12 Sup. Ct. 646, 36
L. Ed. 479; *Lockman v. Anderson*, 116 Iowa 236, 89 N. W.
1072; *Pollock v. Brookover*, 60 W. Va. 75, 53 S. E. 795, 6
L. R. A. (N. S.) 403; and many other cases.    The respondent
attempts to distinguish these cases, but in this we think it is
unsuccessful; for while in some of the cases the circumstances

were of necessity different, the principles announced sustain the appellants' right to forfeiture.

Great stress is placed upon the fact that appellants suffered the respondent to enter into possession of the land and to expend a large amount of money thereon, and it is claimed that, for this reason, they should be estopped from demanding a strict compliance with their contract. If we have placed a proper construction upon the contract, it follows that the respondent went upon this land and made expenditures at its own peril. This may be a hardship, but it is always a hardship for a person purchasing an option to lose the payment when the option expires. Sometimes the amount paid for the option is small and sometimes it is large, but this is only a matter of degree; the legal consequences are always the same. Possession can in no way change the conditions of the contract in reference to the time of payment. That was a matter which was fixed by the contract. If, as a matter of accommodation to the respondent, the appellants allowed it to take possession of the land, they should not now be deprived of any right they have under the contract. We think there is no element of estoppel shown anywhere in the record, and neither are we able to discern any special hardship in the case. The respondent need not lose its expenditures, but failing to perform the conditions of the contract it must be relegated to the exercise of the right of eminent domain, if it desires the possession of the land.

The judgment will be reversed, and the action dismissed, with costs to the appellants.

FULLERTON, CROW, ROOT, and RUDKIN, JJ., concur.

HADLEY, C. J., and MOUNT, J., took no part.