[No. 19155. Department Two. September 2, 1925.]

## C. C. CHAMBERS, *Appellant*, v. THOMAS SLETHEI, *Respondent*.[1]

SPECIFIC PERFORMANCE (22)—OPTION (5)—FAILURE TO TENDER PURCHASE PRICE. An option to purchase timber will not be specifically enforced where there was no payment of the sum of $1,500 within the time specified in the option.

TENDER (6)—PRODUCTION AND OFFER OF MONEY—DEPOSIT. The deposit of money to the credit of a party and notifying him of the deposit does not constitute a tender of the money.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered May 15, 1924, upon sustaining a demurrer to the complaint, dismissing an action for specific performance. Affirmed.

*Fred M. Williams* and *Ferris & Ferris,* for appellant.
*Parker W. Kimball,* for respondent.

MACKINTOSH, J.—The demurrer was sustained to the appellant's complaint, which set forth that, on May 30, 1923, he had entered into an option with the respondent to purchase timber, the option being in the following language:

"We, I, the undersigned, in consideration of the sum of Five Dollars ($5) in hand paid, the receipt whereof is hereby acknowledged, do hereby grant unto C. C. Chambers, of Spokane, Washington, an option to purchase all the timber on the following described land (here follows description) for the sum of $1,500, for a period of sixty days from date hereof. Upon the payment of the purchase price of this option we, the undersigned, hereby agree to transfer title to the above described property to the said party by good, sufficient deed, free from all encumbrances whatsoever, allowing the purchaser ten years for the removal of said timber. Dated May 30, 1923."

[1]Reported in 238 Pac. 924.

It further alleged that, on July 28, 1923, he had sent to the respondent at his place of residence in Minnesota the following telegram: "Will take property under option of May 30. Forward deed to Old National Bank, Spokane. $1,500 on deposit to take up deed." Also that since that date he has been ready, able and willing to take the timber under the terms of the option and desires to do so, but that the respondent has refused to comply with the option and convey the timber, or any part thereof, to the appellant. The complaint asked for the specific performance by the transfer of the timber to the appellant. The appellant having elected to stand upon the complaint, judgment was entered against him and he has appealed.

The demurrer was properly sustained, for the reason that the complaint showed that the action cannot be maintained because of the appellant's failure to exercise the option within the time specified, by failing to pay or tender the purchase price within that time. By the terms of the option, the sum of $1,500 was to be paid within sixty days from its date, and that payment not having been made, there was no obligation resting upon the respondent to make the conveyance. In all essentials the case cannot be distinguished from that decided in *Spokane, Portland & Seattle Railway Co. v. Ballinger,* 50 Wash. 547, 97 Pac. 739, where no tender of the purchase price having been made, the court said:

"The trial court evidently based its judgment on the assumption that the acceptance of the option by the respondent changed the transaction between the parties from an option to an agreement to sell, binding upon both parties to the agreement and enforcible by either, and that this acceptance by the respondent destroyed and annulled the conditions of the option contract; else it could not have found that the payment of the purchase price was not a condition precedent, and that time was not the essence of the contract. In this

we think the court erred. An option is a common and familiar method of securing the right to buy land, the purchaser paying a certain amount with the privilege of forfeiting that amount if he does not see fit to pay the full purchase price agreed upon on or before a stipulated time. The conditions are plain and easily understood. If the purchase price is paid or tendered within the time specified, the obligation of the vendor is to give a deed. If it is not, no obligation whatever rests upon him. The limitation had been fixed by the parties and it is as binding as any statutory limitation.

"It is difficult to see how the plain provisions of this option contract could be annulled by the announcement of the respondent that the agreement was accepted. Most certainly it was accepted when the one dollar consideration was paid and the agreement to sell upon certain conditions was executed by the appellants. Can it be that the mere notification of acceptance stripped away all the appellants' rights under the contract, and left them nothing in return? The contract specially provides that, should the said company fail to exercise the option to purchase the right of way within six months, the agreement should be null and void. This certainly made time the essence of the contract, if time can be made the essence of a contract. .° . . The respondent entered into an option agreement to pay a particular price at a definite time, and it allowed the time to expire."

It is claimed, however, by the appellant that the telegram of July 28 which we have quoted amounted to a tender of the amount due under the agreement. This court, however, in *Robinson v. Thoma,* 30 Wash. 129, 70 Pac. 240, and *Boger v. Bell,* 84 Wash. 131, 146 Pac. 179, has held that the deposit of money to the credit of the other party to the contract and notifying him of such deposit does not constitute a tender. The judgment is affirmed.

TOLMAN, C. J., FULLERTON, HOLCOMB, and MITCHELL, JJ., concur.