[No. 22491. Department Two. October 2, 1930.]

EDWIN JACOBSON, *Appellant*, v. JAMES R. BARNES *et al.*,
*Respondents.*[1]

F. A. *McMaster*, for appellant.
*Hamblen & Gilbert*, for respondents.

[1]Reported in 291 Pac. 1109.

HOLCOMB, J.—In 1927, appellant, a land owner and real estate dealer of Portland, Oregon, was the owner of two thousand acres of land known as the Clyde ranch in Walla Walla county, Washington. On March 12, 1927, he and respondents entered into a written contract of sale for thirty-nine thousand dollars, which price included the assumption of first and second mortgages aggregating $23,350. After the execution of that contract, controversy arose between the parties, especially as to the quality of some of the land which respondent had not seen on his examination thereof.

Litigation was threatened by appellant, which controversy was compromised upon the representation by appellant that, if respondents would proceed with the purchase, appellant had a man who was ready, able and willing to take over the property so that respondents would suffer no loss. Respondents thereupon agreed to proceed. The dispute was adjusted by the deduction of four thousand dollars from the original purchase price by appellant, with the further understanding that respondents would give appellant an option to repurchase the land within eighteen months at a price of four thousand dollars in excess of the amount claimed to be paid by respondents to Jacobson. The land was deeded by appellant to respondents, who executed an instrument in writing, signed also by appellant, on April 16, 1927. That instrument, omitting the formal parts and the description of the land, provides that respondents:

". . . hereby grant and give unto Jacobson the exclusive right to purchase or sell the following described real estate . . . for the period of one year from this date upon the following conditions."

The provisions that then follow are the provisions for the payment by appellant to respondents of $13,467.41 with interest at seven per cent per annum

from date of agreement until paid. The next provision was one relating to reimbursement to respondents of moneys paid for taxes, insurance, repairs, upkeep of buildings, interest on mortgages, plowing and cultivation of the lands "during the life of this option." One provision of the agreement stipulated for a conditional extension of six months additional to the one year provided in the first portion of the option within which to sell or purchase the property according to the terms and conditions of the "exclusive option," but, in case the property was not sold or disposed of by appellant within eighteen months from the date of the agreement, "his option" to purchase or sell the same should *ipso facto* terminate. The instrument makes time the essence of the contract. There are provisions in the contract relating to the plowing, seeding, cultivation and care of the land "in the usual manner of lands in that vicinity."

No less than eighteen times on the five sheets of the agreement, it is referred to as an "option." The final paragraph of the agreement is that, in the event appellant should not exercise the right of option to sell or purchase, respondents should not in any way make any claim or demand upon him for damages for failure to exercise the option.

Appellant, basing his action upon the provision in the agreement above mentioned for properly plowing, seeding, cultivating and caring for in the usual manner of lands in that vicinity, sued for damages in the sum of $27,767 with interest.

After a trial to the court without a jury, the trial court held that the written instrument involved herein is not a contract with mutual obligations wherein one party unequivocally agrees to do a certain thing and receives a compensation, either partially or wholly, therefor, and where the other party is in a position to

compel specific performance, but is clearly an option agreement to purchase real estate with no obligation whatever resting upon the optionee except such as he elects to assume, and, until he has made such election and accepted the option within the time specified, there can be no obligation on the part of the optionor.

There having been a failure on the part of appellant to accept the offer contained in the option within the time specified in the agreement, the court held that appellant could not maintain this action and it was dismissed.

On appeal, the entire argument of appellant is based upon the assumption that the contract in question is a final, mutual contract. That assumption is unwarranted by the contract before us. It is intrinsically nothing but an option. It has never been accepted by appellant or demand of performance made by him upon respondents. An option does not constitute a sale or contract of sale, and cannot be enforced as such by either party thereto until such option is exercised by acceptance of the offer. 39 Cyc. 1237. As a rule, notice of acceptance must be communicated to the vendor. Id. 1239; 27 R. C. L., 342. At the time of the commencement of appellant's action the contract was merely unilateral. *Neeson v. Smith,* 47 Wash. 386, 92 Pac. 131.

The fact that appellant suffered respondents to enter into possession of the land, plow, seed and cultivate it, and do other things under the option, which they did at their own peril, does not render the contract any more than an option or give appellant any rights under his unaccepted option. *Spokane, Portland & Seattle R. Co. v. Ballinger,* 50 Wash. 547, 97 Pac. 739; *Chambers v. Slethei,* 136 Wash. 84, 238 Pac. 924.

Appellant also contends that tender of performance by one party to a contract is unnecessary when the other party places himself in the position where it can readily be seen that he cannot comply with the contract, citing *Palmer v. Clark,* 52 Wash. 345, 100 Pac. 749; *Finch v. Sprague,* 117 Wash. 650, 202 Pac. 257.

In those cases, the options had ripened into contracts because the optionees had elected to take the lands under the options, which is not the case here. Furthermore, it is appellant in this case, who must exercise the option and repurchase within the time limit of the agreement, and not respondents. Moreover, there is no option in the agreement to buy the crop regardless of the land. Hence, appellant would have no interest in the crop aside from the land.

We are satisfied with the judgment of the trial court, and it is affirmed.

MITCHELL, C. J., MAIN, and FULLERTON, JJ., concur.