80 F.2d 9 (1935)
In re TRACY.
JOHN HANCOCK MUT. LIFE INS. CO.
v.
TRACY.
No. 5482.
Circuit Court of Appeals, Seventh Circuit.
November 14, 1935.
Rehearing Denied December 30, 1935.
*10 H. G. Greenebaum, Cyril A. Burns, and A. H. Fellheimer, all of Pontiac, Ill., for appellant.
George W. Hunt and Walter W. Winget, both of Peoria, Ill., for appellee.
Before EVANS, SPARKS, and ALSCHULER, Circuit Judges.
SPARKS, Circuit Judge.
This appeal involves petitions filed by appellee in the District Court under which he sought relief under section 75 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 203. The court approved the debtor's petitions and issued an order against all persons and particularly appellant, restraining them from forfeiting a certain contract theretofore entered into by the parties, and from any further proceedings with respect to such forfeiture, or any attempt to dispossess appellee or his tenants from the real estate involved in the contract. Appellant moved to dissolve the restraining order and to dismiss the petitions on the grounds that the restraining order violated the provisions of the Clayton Act (38 Stat. 730); that the pleaded pertinent facts did not entitle the debtor to the relief demanded against appellant; and that section 75 of the Bankruptcy Act contravened certain provisions of the Federal Constitution. Appellant's motions were overruled and from that ruling this appeal is prosecuted.
Prior to the enactment of section 75 of the Act, the debtor was the owner of a large tract of land in Stark County, Illinois, on which appellant held mortgages for approximately the 1933 value of the land. In the fall of 1931 all of these mortgages were in default. There were also junior liens upon the land. Foreclosure proceedings were instituted in the state court upon all the mortgages and they culminated in decrees of foreclosure and sale. In each case, the properties were bid in by the mortgagee, and the master's certificates of purchase were issued to the respective purchasers. In May, 1933, the year for redemption having expired, and there having been no redemption, the certificates of purchase were surrendered and deeds were issued and delivered to appellant, which were duly recorded.
On September 21, 1933, appellant and appellee entered into a written contract whereby appellant agreed to sell and convey to appellee all the premises in question for $69,000, of which $12,000 was to be paid in various installments, and $57,000 was to be evidenced by a mortgage to be dated and executed March 1, 1939, at which time the deed was to be executed and delivered by appellant to appellee, provided the installments previously due had been paid. The contract further provided that upon the failure of appellee to make any of the payments or any part thereof, or to perform any of the covenants required of him, the contract at the option of appellant should be forfeited and determined, and that appellee should forfeit all payments made by him on the contract, and such payments should be retained by appellant in full satisfaction and liquidation of all damages by it sustained, and that appellant should have the right to re-enter *11 and take possession of the premises. It was further mutually agreed that time should be of essence of the contract. Thereafter, appellee went into possession of the premises under the contract.
According to the terms of the contract the following amounts were to be paid on principal on the following dates: September 21, 1933, $1000; on or before January 1, 1934, $6000; March 1, 1934, $250; September 1, 1934, $250; March 1, 1935, $500, and $500 each six months thereafter until and including March 1, 1939, at which time, if the above required payments had been made, appellant was to deed the property to appellee who, in turn, was then to execute his note for $57,000 secured by a mortgage on the real estate. The total purchase price was to bear five per cent. interest per annum. Appellee made the first two payments of principal when due, amounting to $7000, but on March 1, 1934, he failed to pay the installment of $250 then due, and interest then due of $1100, and taxes for the first half of 1933 in the approximate sum of $308, which appellee had agreed to pay, were then due and unpaid. No further payments of either principal or interest were made by appellee.
On September 10, 1934, appellant served upon appellee a written notice of non-performance by him, and a demand for immediate possession of all the premises. That notice contained the following:
"* * * (appellant) does hereby and herein demand of you immediate possession of the following described real estate situated in the County of Stark and State of Illinois, known and described as follows, to-wit: * * *
"You are further notified by * * * (appellant) that upon your failure to surrender immediate possession of the above and foregoing described real estate that * * * (appellant) will after the expiration of 30 days of the date upon which this demand and notice is served upon you institute an action of forcible entry and detainer in accordance with the statute in such case made and provided.
"You are further notified that this demand and notice is being served upon you by virtue of the fact that you were the purchaser under a certain contract entered into on the 21st day of September, A. D., 1933, whereby and wherein * * * (appellant) covenanted and agreed to make, execute and deliver to you a special warranty deed to the premises hereinabove described upon your compliance with the covenants and conditions to be performed by you and which you have failed to perform."
On October 5, 1934, appellee filed his petition for relief under section 75. The restraining order was thereupon issued without notice or bond and served upon appellant. Before the court denied appellant's motion and continued the restraining order, appellee filed his amended and supplemental petition. The facts stated above, however, contain the material allegations of both petitions and are sufficiently set forth to present the questions raised.
The parties agree, and rightly so, that this is a "controversy" as distinguished from a "proceeding in bankruptcy." It is therefore appealable from the District Court as a matter of right under section 24a of the Bankruptcy Act, as amended by Act May 27, 1926, 11 U.S.C.A. § 47 (a), and permission from this court need not be obtained.
We shall first discuss appellant's contention that the admitted facts did not entitle the debtor to the relief demanded against appellant, and that the court erred in issuing and continuing the restraining order.
It is admitted that appellant was the owner of the premises in question on September 21, 1933, and on that day entered into the contract referred to whereby it agreed to convey the premises to appellee on March 1, 1939, for the sum of $69,000 with interest, provided appellee would pay the sum of $12,000 of the consideration named, at the times and in the amounts as designated in the contract, together with interest and taxes. The contract is clear that in case of appellee's failure to perform any of the covenants required of him, appellant had an option either to enforce specific performance, or to forfeit and determine the contract, retaining the payments made as liquidated damages. The validity of the contract and appellee's failure to perform his part of it are conceded, and the only question presented with respect to the contention now under discussion is whether appellant exercised its optional right to forfeit and determine the contract. If *12 it did, it is the absolute owner of the premises and appellee has no interest in the property, and it can not be administered as a part of his estate under section 75.
Whether or not the option was properly exercised depends upon the construction of the written notice and demand of September 10, 1934, which was twenty-five days before appellee filed his petition. A perusal of the notice and demand satisfies us that it was a sufficient exercise of appellant's option to retain its title to the premises and to cancel appellee's promise to pay. Cf. Thiry v. Edson, 129 Ill.App. 128. It made a demand for immediate possession of the premises based upon the reason that appellee had failed to perform the covenants and conditions agreed upon in the contract, and it notified him that at the expiration of thirty days from his receipt of the notice it would institute an action of forcible entry and detainer under the applicable statute. Smith-Hurd Ann.St.Ill. c. 57. It is difficult to conceive a stronger or clearer statement of the remedy which appellant had decided to pursue. It is obvious that appellant was not entitled to both possession and specific performance. Hence, in demanding possession it disentitled itself to demand payments under the contract and clearly indicated the remedy it intended to pursue. It is true that in Craft v. Calmeyer, 274 Ill.App. 296, the court held that under the Illinois Statute, sections 2 and 3 of chapter 57, supra, the demand for possession must follow the thirty days notice of intention to sue, and both must precede the instituting of the suit. We are not here concerned, however, with appellant's right to sue for possession without making another demand in accordance with that opinion, but we are determining whether there was a forfeiture of the contract. To do this it is proper to consider the entire notice, including the demand for possession, in order to determine what was the intention of appellant. The conclusion is inevitable that it intended to retain the land and cancel appellee's promises to pay. That conclusion is fortified by appellant's pleadings and contentions in the District Court and in this court. Not once has it asked to change the remedy so designated by it, nor has it given any intimation that it would. Indeed, under the circumstances, the court would hardly be warranted in permitting it to do so. The admitted facts are repugnant to any other interpretation of appellant's intention. Here was a debtor with assets which he said were worth only $43,000, and with liabilities approximating $208,000. He said the farm lands were worth only $40,000, and that his unsecured claims amounted to $138,048. He scheduled appellant's claim as $69,000, secured by a mortgage on the real estate. Hence, conceding for the moment that this correctly stated the facts as to title to the land and payments due, there was left but $3,900 to pay the unsecured claims of $138,048, together with the costs of administration. Of course, we realize that a forfeiture can not be accomplished by mere intention, but appellee has seen fit to question the meaning of the language of the notice, and that fact renders competent any evidence that will disclose its true meaning. However, we think the meaning of the language is quite plain, but if it can be considered ambiguous in any respect, we feel that such ambiguity is fully explained by the facts surrounding the transaction.
Section 75 purports to deal only with property owned by the debtor. It would not be fair to attribute to Congress any other intention. The option referred to was a property right of appellant and it had a right to exercise that right in case of the debtor's default, and this it did. We do not understand that the Bankruptcy Law contemplates the right to destroy or extend an option to forfeit and determine a contract either for a debtor or creditor, which is based upon a good and sufficient consideration. It is true that section 75 (o), 11 U.S.C.A. § 203 (o) provides that except upon petition granted by the judge after hearing, certain proceedings shall not be instituted, or if instituted shall not be maintained, which section includes proceedings for the recovery of possession of land. This provision, we think, contemplates land in which the debtor has some interest, or is rightfully claiming some interest. The purpose of the statute obviously is to enable the court to control the property until that interest, if any, is determined. The fact that the statute contemplates the court granting permission to bring such an action would indicate that under some circumstances it should be granted. We can conceive of no instance which would more justly warrant *13 such permission being given than where it is found that the debtor has no interest in the property.
We hold, therefore, that appellant properly exercised its option under the contract, and that since that time the debtor has had no interest in the land, and it should not be included in his assets. For these reasons it is unnecessary to consider the question of the constitutionality of section 75.
We think, however, that the court was warranted in issuing the restraining order for the purpose of holding all matters in statu quo until the property rights were determined. That determination having been made, the decision of the District Court is reversed and the cause remanded with instructions to dissolve the restraining order, and to dismiss the proceedings as against appellant, and for further proceedings not inconsistent with this opinion.