## In re WOGSTAD.

### No. 1736.

District Court, D. Wyoming.

April 10, 1936.

See, also, 10 F.Supp. 349.

E. E. Wakeman, of New Castle, Wyo., for judgment creditor and redemptioner Benjamin F. Schulze.

Glebe & Elliott, of Scottsbluff, Neb., for debtor.

KENNEDY, District Judge.

The above-entitled matter is before the court upon a motion to dismiss the bankruptcy proceeding as to the interest of Benjamin F. Schulze in the real estate involved.

A brief history of the litigation is as follows: The debtor was the owner of certain real estate located in Weston county, Wyo. Upon such real estate there was a mortgage with the usual release of homestead. Such mortgage was foreclosed by advertisement and the property bid in by the mortgagee on December 23, 1933. A certificate of purchase was delivered to the the mortgagee as purchaser which thereafter for a valuable consideration was assigned to one Preston T. McAvoy. Prior to April 5, 1933, a judgment had been recovered against the debtor and on August 28, 1934, and within the statutory time, Schulze, as a judgment creditor by virtue of a judgment recovered against the debtor, redeemed the land by purchasing the certificate from the party holding it. On September 21, 1934, the debtor filed a petition with schedules in this court under section 75 of the Bankruptcy Act (see 11 U.S.C.A. § 203), which was in due course referred to the conciliation commissioner for that county, and upon application a restraining order was issued restraining the redemptioner from further proceeding to secure title to the real estate in question. The conciliation commissioner thereafter reported to the court that no agreement for a compromise or extension could be accomplished in conjunction with the creditors of the bankrupt, and the court, after a hearing, thereupon abated the proceeding under section 75 and granted the application of the debtor to file under the general Bankruptcy Act. After the matter had been referred to the referee, the debtor applied to file under the amendment of August 28, 1935, to subdivision (s) of section 75 (11 U.S.C.A. § 203(s) which was granted and the matter again referred to the conciliator referee. Thereafter, Schulze, the redemptioner, filed the instant motion to dismiss as to the property to which he claimed title, upon the ground that the property is not under the jurisdiction of the federal court, for the reason that the debtor had lost her interest therein prior to filing her petition, and that subdivision (s) of section 75, as amended, is unconstitutional in so far as it purports to affect the interest of the redemptioner in the real estate to which he holds certificate of title. This motion

has been submitted upon oral argument and trial briefs.

Under the statutes of the state of Wyoming, a mortgagor in the event of a sale in foreclosure has six months after the sale within which to redeem from such sale. In this case the fact is that the period of redemption allowed to the mortgagor debtor had expired before the petition in bankruptcy was filed; the sale having occurred on December 23, 1933, and the bankrupt petition not having been filed until September 21, 1934. There is authority for the contention that under such circumstances, where the rights of the purchaser or a redemptioner have intervened, the debtor has lost all right, title, and interest in the property by reason of the expiration of his redemption period, and that such property cannot be brought into the bankruptcy court because it is not properly a part of the assets of the debtor. Whether or not such a contention is sound need not be determined in the case at bar, for the reason that the redemptioner additionally contends that if the property is held to be affected by the provisions of subdivision (s) of section 75, as amended, it is unconstitutional as being in contravention of the Fifth Amendment concerning the rights of the redemptioner who secured his interest in the property under the local law by redeeming as a judgment creditor under mortgage foreclosure.

Wyoming R.S. § 89-2968 provides that the mortgagor or owner under foreclosure proceedings shall be entitled to the possession of the lands sold and to the rents and profits for the period of six months after the sale, but after the expiration of six months the purchaser shall be entitled to possession and to the rents and profits until redemption be made to him, and such redemptioner from the time of his redemption shall likewise be entitled to possession and to the rents and profits. Other provisions authorize additional rights including the appointment of receivers in foreclosure suits to protect against loss or injury where the property is probably insufficient to discharge the mortgage debt. Amended subdivision (s) of section 75 (11 U.S.C.A. § 203(s) purports to provide a method by which the mortgagor as a debtor under the section may retain possession upon an annual rental of the property fixed by appraisers for a period of three years. The funds to be realized from such rentals, which need not be paid until the expiration of one year, is to be deposited in court from which fund shall be disbursed for taxes and upkeep of the property and the remainder to secured and unsecured creditors as their interests may appear.

The amendment of August 28, 1935, was enacted after the first so-called Frazier-Lemke Act was declared unconstitutional by the Supreme Court of the United States in Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106. Since that time the new amendment has been frequently before the lower federal courts and by a number of them declared unconstitutional as it affects the rights of those holding mortgages or rights incident thereto under state law. The cases in which this matter has been reviewed involve statutes in other states concerning mortgages and their foreclosure, very similar to those in Wyoming. With the conclusion reached by those courts and for the reasons therein stated, this court is in agreement, and it would seem futile to further add to the literature upon the point before the Supreme Court has again spoken in regard to it.

Some of these cases are In re Lowmon, 79 F.(2d) 887 (C.C.A.7 Ind.); In re Young, 12 F.Supp. 30 (D.C.Ill.); In re Sherman, 12 F.Supp. 297 (D.C.Va.); In re Lindsay, 12 F.Supp. 625 (D.C.Iowa); In re Tschoepe, 13 F.Supp. 371 (D.C.Tex.); In re Schoenleber, 13 F.Supp. 375 (D.C. Neb.). See, also, In re Tracy, 80 F.(2d) 9 (C.C.A.7 Ill.).

For the reasons stated, an order will be entered dismissing the petition of the debtor so far as it relates to the property redeemed by Benjamin F. Schulze under the foreclosure of the mortgage upon said premises, and dissolving all restraining orders with reference thereto heretofore issued, and permitting the said redemptioner to possess and secure title to the real estate involved free and clear of all rights and claims of the debtor by virtue of the present proceeding. Findings, conclusions, and an order, reserving exceptions to the debtor, may be submitted by counsel for the movant, within 10 days from the date of this memorandum.