## In re ARCHIBALD.

### No. 1171.

District Court, D. Minnesota,
First Division.

April 24, 1936.

---

[1] Judgment affirmed (Tex.Sup.) 86 S.W.(2d) 627.

438

Harlan B. Strong (of Strong, Covell & Strong), of Minneapolis, Minn., for objecting creditor, Charles Hodous.

H. V. Fuller, of Winona, Minn., for farmer-debtor.

MOLYNEAUX, District Judge.

The order to show cause requires the said farmer-debtor, Rea G. Archibald, to show cause, if any there be, before this court, why the order of this court should not be made as follows:

1. Dismissing the petition of Rea G. Archibald, debtor, as to the petitioner herein, Charles Hodous, and as to the following described land: "The South Half of the Southwest Quarter, Section 27, except 15 acres on the west end and also excepting one and one-half acres known as the saw mill tract, containing 63½ acres, more or less; the Northeast Quarter and the Northeast Quarter of Southwest Quarter of Section 33; the Northwest Quarter of Northwest Quarter of Section 34, except one square acre; the South Half of Southwest Quarter and the Northwest Quarter of Southwest Quarter, Section 34, all in Township 104 North of Range 4 West; also the Northwest Quarter of Northwest Quarter of Section 3, Township 103 North of Range 4 West except 10 acres in the south end thereof described as beginning at the Southwest corner of the Northwest Quarter of Northwest Quarter of Section 3, Township 103 North, of Range 4 West, running thence north on the section line between Sections 3 and 4, 25 rods, thence east 80 rods, thence south 15 rods, to the south line of said Northwest Quarter of Northwest Quarter, thence west on said line 80 rods to place of beginning, all of the above described lands containing 453.53 acres, more or less.

2. Dismissing the proceedings in the matter of Rea G. Archibald, debtor, in proceedings for a composition or extension No. 1102, under Section 75 of the Agricultural Compositions and Extensions of the Bankruptcy Act, as amended, 11 U.S.C.A. § 203, as to the petitioner, Charles Hodous, and as to the land hereinbefore described.

3. Expressly denying said Rea G. Archibald, debtor, the right to amend his petition so as to come under section 75, subsection (s), of the Bankruptcy Act (as amended August 28, 1935, c. 792, § 6, 49 Stat. 942, 11 U.S.C.A. § 203 (s).

4. That Charles Hodous, petitioner herein, be declared to be the owner of the real estate in question hereinbefore described, and entitled to the immediate possession thereof.

5. For such other and further relief as to the court may seem just.

The facts herein are briefly stated as follows:

I. That on April 1, 1926, Rea G. Archibald and Carrie Archibald, his wife, and John C. Archibald, single, were the owners of the real estate hereinbefore described. That on said date they duly made, executed, and delivered a mortgage on said premises to Charles Hodous, which became in default and was foreclosed by the said Charles Hodous by advertisement under the statutes of the state of Minnesota applicable thereto, and pursuant to said foreclosure proceedings the said premises were sold on the 28th day of January, 1935, and bought in by said Charles Hodous, for the full amount due under said mortgage and the note given therewith and secured thereby.

II. That prior to the 19th day of January, 1935, Rea G. Archibald, who was the owner of an undivided one-half interest in said premises, filed his petition for composition and extension under section 75 of the Bankruptcy Act, with the clerk of this court, in the first division.

III. That notice of said filing was not made or sent out to the creditors until after the sale above described, and at the time of said sale the said mortgagee, Charles Hodous, had no knowledge of said composition and extension proceedings.

IV. That the farmer-debtor proceeded with the proceedings for composition and extension and such proceedings were had thereunder that he failed to obtain the acceptance of a majority in number and amount of all his creditors whose claims were affected by a composition or extension proposal, and said failure was reported by said conciliation commissioner to the Honorable Gunnar H. Nordbye, judge of this court, and an order was made and entered by this court dated the 18th day of June, 1935, whereby said proceedings for composition and extension were dismissed.

V. That on the 25th day of July, 1935, John C. Archibald, the owner of an undivided half of said premises, duly made, executed, and delivered to said Charles Hodous, his quitclaim deed to said premises whereby he conveyed his half-interest in said premises to said Charles Hodous.

VI. That said farmer-debtor, Rea G. Archibald, did not amend his petition and ask to be adjudged a bankrupt and proceed under the provisions of subsection (s) of section 75, of the so-called Frazier-Lemke Act, and took no steps whatever to proceed under the provisions of said subsection (s).

VII. That on the 13th day of January, 1936, said farmer-debtor filed a second petition for composition and extension before the same conciliation commissioner, under said section 75, subsections (a) to (r), as amended which proceeding is still pending.

VIII. That at a hearing before the conciliation commissioner under said second proceeding for composition and extension, held on the 29th day of February, 1936, this petitioner, said Charles Hodous, appeared and objected to the jurisdiction of the conciliation commissioner and the bankruptcy court and asked that the proceeding for composition and extension be dismissed on the following grounds:

"First: That the period of redemption from said foreclosure had expired and that Charles Hodous, the petitioner herein, was the owner and entitled to possession of said property;

"Second: That said petitioner, by virtue of the quitclaim deed aforesaid was the owner of an undivided half of said premises and that said proceedings constituted a deprivation of his property rights by virtue thereof;

"Third: That by virtue of the order of this court above set forth, dated June 18th, 1935, dismissing the petition of said debtor, and the composition and extension proceedings thereunder was a prior decision and adjudication by this court and precluded the commissioner from any consideration in said proceedings on the new petition."

It thus appears that the farmer-debtor, having in 1935 instituted and carried to final termination and adjudication of dismissal, a proceeding for composition and extension under section 75 (a to r), as amended, 11 U.S.C.A. § 203 (a to r), has now commenced and is seeking to maintain a second proceeding under section 75 for composition and extension against the same creditors involved in the first proceeding.

This is a judicial proceeding authorized by section 75, by which a farmer-debtor may seek and obtain, if he can, an extension agreement or composition agreement with his creditors confirmed by the order and judgment of the court, thus making it valid and binding.

The subject-matter involved in such a proceeding is the obtaining of a composition and extension of the farmer-debtor's debts.

If the debtor obtains an acceptance of his proposition for settlement by a majority in number and amount of his creditors, including his lien creditors, and that is confirmed by the order and judgment of the court, it is binding upon all of his creditors.

The proceeding may result in a failure to obtain a composition and extension agreement and in that case there would be a judgment of dismissal entered.

The effect of filing such petition and application is to suspend, for the time being, the right of any creditor to enforce his claim.

If, upon the failure of a proceeding and judgment of dismissal, the farmer-debtor may commence a second proceeding against the same creditors and again suspend the enforcement of all claims against him, there is no reason why he could not, upon failure of the second proceeding, commence a third proceeding, and so on ad infinitum, and thus indefinitely prevent his creditors from enforcing their claims against him.

The act, so construed, would clearly render it obnoxious to the Fourth and Fifth Amendments to the Constitution of the United States, as depriving his creditors of

their property without due process of law and without just compensation.

It cannot be assumed that Congress intended such a result. The farmer-debtor, by the first proceeding, had his day in court and the controversy between him and his creditors was adjudicated. I think the doctrine of res judicata applies.

The two main rules of that doctrine are thus stated in C.J. 34, p. 743, § 1154: "(1) The judgment or decree of a court of competent jurisdiction upon the merits concludes the parties and privies to the litigation and constitutes a bar to a new action or suit involving the same cause of action either before the same or any other tribunal. (2) Any right, fact, or matter in issue, and directly adjudicated upon, or necessarily involved in, the determination of an action before a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies whether the claim or demand, purpose, or subject matter of the two suits is the same or not. These rules afford a logical and convenient method of dividing the numerous cases falling within the principles of res judicata. * * * Res judicata is a rule of universal law pervading every well regulated system of jurisprudence, and is put upon two grounds, embodied in various maxims of the common law; the one, public policy and necessity, which makes it to the interest of the state that there should be an end to litigation—interest re publicae ut sit finis litium; the other, the hardship on the individual that he should be vexed twice for the same cause—nemo debet bis vexari pro eadem causa. The doctrine applies and treats the final determination of the action as speaking the infallible truth as to the rights of the parties as to the entire subject of the controversy, and such controversy and every part of it must stand irrevocably closed by such determination. The sum and substance of the whole doctrine is that a matter once judicially decided is finally decided."

We are not here passing upon the right of the debtor to amend his petition by alleging bankruptcy and bringing himself within the provisions of the amendment of August 28, 1935. I am not called upon here to pass upon that question as that is not what the debtor is trying to do.

Inasmuch as this court takes the view that this proceeding before the concilia-

tion commissioner is without authority and is improperly pending, it follows that the question as to the validity of the foreclosure of the mortgage and also the question as to the right to possession of the property cannot be litigated herein.

It is therefore ordered that the second proceeding for composition and extension, commenced by the filing of a petition by the said farmer-debtor on the 13th day of January, 1936, be and the same is hereby dismissed.