### In re SUZUKI.
### No. 30392.

District Court, S. D. California, Central Division.

Sept. 28, 1937.

Ben Rosenthal and Charles Murstein, both of Los Angeles, Cal., for debtor.

O. T. Gilbank, of Los Angeles, Cal., for petitioners.

JAMES, District Judge.

The farm debtor above named filed his petition under provisions of section 75 of the Bankruptcy Act (as amended, 11 U.S.C.A. § 203) on August 11, 1937. The proceeding has not yet progressed to the point where it is subject to administration under subdivision (s) of the section mentioned (as amended, 11 U.S. C.A. § 203(s). The Conciliation Commissioner made his order restraining the sale of real property of the debtor, which sale was threatened to be made under default conditions of a deed of trust. The beneficiaries under the trust deed objected to the jurisdiction of the Commissioner to make the order. The facts appear that on the 30th day of August, 1934, the debtor filed a proceeding of the same kind under section 75, describing the same property as subject to the same lien incumbrances. That proceeding was carried on and finally brought under the provisions of subdivision (s), 48 Stat. 1289 (11 U.S.C.A. § 203 note); that subdivision being declared unconstitutional. An amended act was passed on August 28, 1935 (section 6) which reinstated the benefits of subdivision (s) in all substantial particulars (11 U.S.C.A. § 203(s). In the amended act it was provided that all cases that had been dismissed because of the Supreme Court's decision "shall be promptly reinstated, without any additional filing fees or charges." The farm debtor made no attempt to take advantage of the provision allowing reinstatement, and waited for almost two years before commencing the present proceeding. The original petition under section 75(a–r) of the act (11 U.S.C.A. § 203 and note) remaining of record and not disposed of, the court must assume that the farm debtor abandoned it. Properly under General Order 50, subd. 4 (11 U.S. C.A. following section 53), that petition should have been reported for dismissal by the Conciliation Commissioner. Plainly a farm debtor may not commence as many 75 proceedings as he chooses and leave uncompleted his first and ask the court's attention to a later one. Here, as stated, we will consider the former proceeding as nonexistent because of abandonment. After the abandonment or dismissal of a 75(a–r) proceeding there may be such a change in the condition of the farmer as that he may present a situation showing possession of more property and less debts than he formerly had, and in that case it is reasonable that he should have the action of the court in the changed situation. The facts stated in such a renewed petition, however, must clearly show that changed condition. We find no such a record here. If the debtor had acted promptly after August 28, 1935, he could have carried on his original proceeding by having a new (s) petition substituted for that which was rendered useless by reason of the Supreme Court's decision.

The conclusions, as stated, require that an order be made vacating the restraining order issued by the Conciliation Commissioner and the entry of an order dismissing the petition of the debtor as it is here presented. It is so ordered. An exception is noted in favor of the petitioning debtor.