**In re HINSHAW et al.**

**Nos. 35583–C, 35584–C.**

District Court, S. D. California, Central Division.

June 26, 1940.

Albert Launer, of Fullerton, Cal., for Orville Hensley.

There were no other appearances.

COSGRAVE, District Judge.

Clark Jesse Hinshaw and Stella Hinshaw on August 3, 1934, filed petitions for extension or composition on their debts under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203. The petitions were approved on August 6, 1934, and referred to J. J. Dwyer, Conciliation Commissioner of Orange County. On October 12, 1934, a written extension proposal was submitted by the debtors and filed. This proposal was accepted by all of the creditors. The agreement provided that Orville E. Hensley, one of the creditors, should take a new trust deed and note for $25,000 with reduced interest, and with the maturity of the note October 1, 1940; that all the other creditors should take a second trust deed and note for $6,567.21. No proceedings for confirmation of the extension were ever filed, but when this agreement was reached, all creditors, both secured and unsecured, and the debtors filed with Commissioner Dwyer a request that the proceedings should be dismissed, and on December 4, 1934, Commissioner Dwyer filed in the District Court a petition for dismissal. This petition was granted on December 5, by the District Court.

The debtors paid the interest for the years 1935, 1936, and 1937, but made default in interest amounting to $1,250 due October 1, 1938, and on that due October 1, 1939, amounting to $1,500. The creditor Hensley commenced foreclosure on the trust deed on October 12, 1939.

On January 19, 1940, the debtors commenced the present proceeding by filing their petition again under Section 75, showing in their schedules the same assets, liabilities, and creditors as in the former schedules, except that there are increased delinquencies of taxes and also certain moneys on deposit in the bank. The terms of the renewed trust deed are noted. The foregoing facts are shown in the findings by Fred D. Johnston, the present Conciliation Commissioner of Orange County.

Debtors' second petition was approved on January 23, 1940, and referred to Conciliation Commissioner Johnston. Shortly thereafter, Orville E. Hensley, the holder of the trust deed on all of the real property of the debtors, the same being a first lien, moved for a dismissal of the proceed-

ings on the ground that the matters involved have become res judicata, and that petitioners are bound by their original proceeding. The Conciliation Commissioner in a clear and succinct report made his findings of fact and recommended that the debtors appear before the District Court to show cause why the proceedings should not be dismissed.

If the proceedings before the Conciliation Commissioner and the District Court in 1934 amounted to nothing more than a voluntary dismissal of the petition on the part of the petitioners, then the petitioners would be exercising an undoubted right in renewing their petition. The situation, however, involves far more than this. The petitioners in the first proceeding secured an extension agreement joined in by all creditors, and while they themselves together with the creditors petitioned for a dismissal without having the extension agreement approved by the District Court, nevertheless such dismissal was in fact an adjustment of the matters involved. By analogy, the general principle of law involved in voluntary dismissals seems to apply. In case of voluntary dismissals without more, a new action may be commenced, such as a dismissal under Section 581 of the Code of Civil Procedure of California. Where, however, the dismissal is the result of an adjustment of the matters in dispute, it is held to amount to a retraxit. The dismissal involves a settlement of the disputed issues, and the action cannot be renewed. Haldeman v. United States, 91 U.S. 584, 23 L.Ed. 433; City of Los Angeles v. Borax Consolidated, D.C., 20 F.Supp. 69, 73.

I am of the opinion, therefore, that the petitioners are bound by the original action in this case. They have had their day in court, the issues have been, in effect, adjudged; the indebtedness with respect to which petitioners seek relief is the same indebtedness that was involved in the original proceeding, and the creditors are the same. Having petitioned the court for relief in 1934, and the court having power and authority to afford such relief, and the relief having in fact been afforded, not by the court, it is true, but by voluntary action of all parties, it is therefore matter adjudged, and application for relief cannot now be renewed. In re Suzuki, D.C., 20 F.Supp. 900, a decision by Judge James on September 28, 1937; In re Archibald, 14 F.Supp. 437, a decision by Judge Moly-

neaux, District of Minnesota, First Division, on April 24, 1936.

The motion to dismiss will be granted and it will be so ordered. The creditor will present a formal order accordingly.