## In re BOEHME.
No. 3550.

District Court, D. Montana,
Great Falls Division.
June 18, 1941.

Martin Vetleson, of Billings, Mont., for debtor.

Rockwood Brown and Horace S. Davis, both of Billings, Mont., for petitioner O. E. Lee.

PRAY, District Judge.

The court has considered the application of O. E. Lee to strike from the schedules in said cause the property therein described, the affidavits and the arguments of his counsel and of counsel for debtor.

The provisions of the Bankruptcy Act for agricultural compositions and extensions can have no application to a proceeding thereunder where the relation of debtor and creditor does not exist, or where debtor has included property in his petition and schedules in which he has no interest.

It has been held that to include property in respect to which the debtor can assert no legal right would do violence to the concept of due process. In re Chrisman, D.C., 35 F.Supp. 282. Under § 75, sub. n, 11 U.S. C.A. § 203, sub. n, the filing of the petition "shall immediately subject the farmer and all his property * * *", and under sub. o none of the proceedings enumerated therein shall be brought or maintained against the farmer or his property, and sub. p shall apply to all creditors, public or private, and to all the debtor's property.

But the debtor has no property, so far as this application is concerned. Unlawful occupancy is clearly established. The introductory provisions in section 75, sub. o have been held to contemplate land in which the debtor has some interest. In re Tracy, 7 Cir., 80 F.2d 9, 12.

In Wright v. Union Central Ins. Co., 304 U.S. 502, 509, 58 S.Ct. 1025, 1030, 82 L.Ed. 1490, the court said: "nothing in section 75 as it now stands indicates any intention that the bankruptcy courts assume control over land not previously within the jurisdiction of a bankruptcy court, and already completely divorced from any title of the debtor."

This court has jurisdiction only over property and property rights of the debtor as set forth in the statute, and the land in question is clearly shown to be beyond the jurisdiction of the bankruptcy court, and nothing has been presented to show that the question of jurisdiction can not be raised now. It seems to be the rule that the question of jurisdiction can be raised at any time and at any stage of the proceeding. Every court has the judicial power to hear and determine the question of its own jurisdiction. 15 C.J. § 170, p. 851; 21 C.J.S., Courts, § 113.

The facts disclosed in authorities cited by counsel for debtor are not the same as are found in the present case; here the debtor has no estate, title or interest in the land, and the relationship of

debtor and creditor between the movant herein and the farm debtor does not exist.

Consequently the application of O. E. Lee should be granted, and it is so ordered.