## In re KOFOED.
### No. B—8152.

District Court, E. D. Washington, N. D.
July 29, 1942.

O. R. Hopewell, of Waterville, Wash., for appellants Hunt.

Ned W. Kimball, of Waterville, Wash., for farm debtor Kofoed.

SCHWELLENBACH, District Judge.

This matter comes before the court on an appeal from the decision of the conciliation commissioner denying the motion of Forest V. Hunt and Bessie Irene Hunt to exclude from the proceedings certain real estate described in the farm debtor's statement of assets. In this proceeding, the farm debtor has filed under section 75 of the Bankruptcy Act, Title 11 U.S.C.A. § 203, subs. a–r. The debtor's petition here

was filed March 13, 1941. Previously, on September 27, 1937, a similar petition was filed under the same statute by the debtor. Proceedings were had under it which resulted in the entry on December 15, 1937, of an order of termination and dismissal. The facts are that the Hunts had a mortgage on the real estate involved which they had foreclosed by action in the Superior Court of Douglas County, Washington. The sheriff's sale had been held and confirmed and a sheriff's certificate of sale issued to the Hunts. Prior to the expiration of the statutory period for redemption, the first of the farm debtor's proceedings was commenced and the sheriff was enjoined from issuing a deed to the Hunts. Instead of making a composition with all of his creditors and securing an extension as contemplated by the Act, the farm debtor entered into a written agreement with the Hunts under which the dismissal of those proceedings was provided, the issuance of the deed by the sheriff to the Hunts authorized and the debtor took a three-year option to purchase the property from the Hunts for the balance due on the mortgage plus interest, taxes and expenses. The contract provided that the Hunts were to have immediate possession of the real estate except that the debtor was allowed "the privilege of occupying the buildings now on the premises for residence purposes only, but that in case of failure to exercise the said option, he will peaceably yield possession to the first parties on the 3d day of October, 1940." The contract specifically provided that the farming operations on the property were to be performed by the Hunts. The only interest that the debtor might have in the farming operations was that, in the event he exercised his option, he would have been entitled to a credit up to one-third of the net profits on the crops raised by the Hunts against such moneys as the Hunts might have paid out during the term of the option for taxes and assessments against the land. The responsibility for the exercising of the option was placed upon the farm debtor in the following language: "In the event that the second party shall elect to exercise his option to purchase, he shall give the first parties reasonable notice thereof and upon payment being made in accordance with this contract, the said first parties shall execute and deliver a quitclaim deed or special warranty deed, warranting against acts of the first parties only, conveying the said property to the second party." When the time of the option was about to expire, an argument arose between the parties as to the amount debtor was compelled to pay. The record does not disclose that the debtor served notice of his intention to exercise the option as provided by the contract. Nor does it disclose a tender of the amount he thought required for the exercise of the option. He brought no action for the specific performance of the contract. Instead, he commenced this second farm debtor proceedings claiming title to the property.

Disposition of this case might be made upon the ground that the dismissal of the former proceedings, being the result of a voluntary adjustment between the parties, it amounted to an adjudication and the application for relief cannot now be renewed. See In re Suzuki, D.C., 20 F.Supp. 900; In re Archibald, 14 F.Supp. 437; In re Hinshaw, D.C., 33 F.Supp. 964. To my mind, however, doubt has been cast upon the correctness of the ruling of the district courts in those cases by the action of the Circuit Court of Appeals for the Seventh Circuit in the case of In re Armold, 100 F. 2d 621 and In re Monjon, 113 F.2d 535. Consequently, I am unwilling to follow them.

The one issue is whether or not the farm debtor has a property right in this real estate such as is contemplated in section 75, sub. n of the Bankruptcy Act, 11 U. S.C.A. § 203, sub. n, so as to give this court jurisdiction over that property. Section 75 deals only with property which the debtor owns or in which he has some interest. In Wright v. Union Central Life Insurance Co., 304 U.S. 502, 509, 58 S.Ct. 1025, 1030, 82 L.Ed. 1490, the Supreme Court said: "Nothing in section 75 as it now stands indicates any intention that the bankruptcy courts assume control over land not previously within the jurisdiction of the bankruptcy court, and already completely divorced from any title of the debtor." See, also, In re Tracy, 80 F.2d 9; United States Nat. Bank of Omaha v. Pamp, 8 Cir., 83 F. 2d 493; In re Boehme, D.C., 41 F.Supp. 426. It is true that the word "property" in section 75 should receive a broad construction. Hoyd v. Citizens Bank of Albany Co., 6 Cir., 89 F.2d 105. In deciding the question as to this issue, this court must turn to the law of the State of Washington. Metropolitan Life Ins. Co. v. United States, 6 Cir., 107 F.2d 311; MacKenzie v. United

States, 9 Cir., 109 F.2d 540; In re Gunning, 9 Cir., 124 F.2d 7; In re Chrisman, D.C., 35 F.Supp. 282.

■ The debtor contends that the contract of November 17, 1937, was an executory contract of sale under which he was entitled to notice of forfeiture. In this he is mistaken. There was nothing in the contract which imposed any obligation upon him to purchase this property. It was merely an option. "An option is simply a contract by which the owner of property agrees that another shall have the right to buy it (the property) at a fixed price within a certain time." Vol. 30 Words and Phrases, Perm.Ed., p. 6. Such an unilateral agreement by which the optionee assumes no obligation creates in him no right in the property. Jones & Co. v. Eilenfeldt, 28 Wash. 687, 69 P. 368; Lawrence v. Pederson, 34 Wash. 1, 74 P. 1011; Neeson v. Smith, 47 Wash. 386, 92 P. 131; Spokane, Portland & Seattle Railway Company v. Ballinger, 50 Wash. 547, 97 P. 739; Chambers v. Slethei, 136 Wash. 84, 238 P. 924. This is true even though the contract provides for partial payments, from time to time, and certain of the payments have been made. Rockwell v. Edgcomb, 72 Wash. 694, 131 P. 191, 45 L.R.A.,N.S., 661. It is true even though the optionee entered into possession of the land and plowed, seeded and cultivated it. Jacobson v. Barnes, 158 Wash. 691, 291 P. 1109.

■ From the foregoing, it must be concluded that even during the time of the option the optionee has no such interest in the property as would give this court jurisdiction over it in these proceedings. The failure of the debtor to exercise his option during the time provided in the option contract unquestionably bars this court from exercising jurisdiction over this property. For time is of the essence in option contracts. James on Option Contracts, pps. 376 and 400; Waterman v. Banks, 144 U.S. 394, 12 S.Ct. 646, 36 L. Ed. 479; Olsen v. Northern Steamship Co., 70 Wash. 493, 127 P. 112; Andersen v. Brennen, 181 Wash. 278, 43 P.2d 19. This farm debtor did not have on the date of filing his petition herein and does not now have any property right in this real estate. The conciliation commissioner was in error in his ruling. The motion of the Hunts on this ground must be granted.