## ANNAPOLIS CO. v. WARDMAN et al.

### No. 4930.

Court of Appeals of the District of Columbia.
Argued April 10, 1930.
Decided May 5, 1930.

Camden R. McAtee, of Washington, D. C., for appellant.

Daniel T. Wright and Philip Ershler, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a decree of the Supreme Court of the District of Columbia, dismissing, on motion, a bill in equity filed by appellant company, plaintiff below, to set aside a trustees' sale of real and personal property under a deed of trust. The property sold consisted of the Annapolis Hotel, located in the city of Washington, together with its equipment and furnishings. The defendants Helmead and Robb, the trustees,

sold the property to defendants Wardman and Bones.

Under the averments of the bill it appears that the hotel property in question was purchased by the plaintiff company from Wardman and Bones; and that the deed of trust was given upon the "real estate and improvements and furniture and fixtures installed and to be installed in said hotel" to secure an indebtedness in the sum of $200,000. At the time of the sale the indebtedness had been reduced to the principal sum of $84,000. Default having been made in the payments of the principal and interest, the trustees advertised the property for sale; and, at the time specified in the notice, sold the real estate, furniture, and fixtures to the defendants Wardman and Bones.

■ The sale of the furniture and fixtures is contested on two grounds: First, the insufficiency of the notice; and, second, the alleged lack of authority of the trustees under the deed of trust to sell the personal property. It is contended that the notice is insufficient in that it calls for the sale only of the real estate. The provision in the deed of trust leaves the matter of notice largely to the discretion of the trustees, since it authorizes them "to sell upon such terms and conditions, in such parcels, at such time and place and after such previous public advertisement as the parties of the second part or the trustees acting in the execution of this trust shall deem advantageous and proper." In the title of the published notice, however, the equipment and furnishings were mentioned. Inasmuch as no objection was interposed by the plaintiff company, whose representatives were present at the sale and heard the terms of sale announced as including both the real estate and furniture and fixtures, we think they are not now in position to complain in this proceeding on the ground of lack of notice.

■ It is further contended that inasmuch as the power of sale contained in the deed of trust authorized the trustees, on default of payment of any of said notes, "to sell said described land and premises at public auction in such parcel or parcels, at such time and place, after previous public advertisement, and convey the same in fee simple," the trustees were not vested with authority to sell and convey title to the furniture and fixtures. In support of this contention it is urged that the expression "land and premises" cannot be extended to include furniture and furnishings. The word "premises," used in an instrument of the sort here under considera-

tion, is a comprehensive term, and to determine the scope of its meaning the sense in which it is used becomes important. Used here in connection with the power of sale vested in the trustees, it must be given a meaning comprehensive enough to embrace the property conveyed in trust to the trustees as security for the payment of the obligation therein assumed.

Turning to the property conveyed by the deed of trust, and which was intended as security to assure the discharge of the obligation of the plaintiff company, it will be found to include not only the real estate but the furniture and fixtures contained in the hotel, or that thereafter might be installed therein. Considered, therefore, in the light of the terms of the trust, the word "premises" used in the power of sale must be construed as including everything therein conveyed.

■■ But a further and more important objection is found in the lack of equity contained in this bill. Plaintiff company, having interposed no objection to the sale, is now in a position analogous to that of a mortgagor seeking redemption of the premises after sale under a mortgage. It is an elementary principle of equity that before a mortgagor, under those circumstances, is entitled to redeem, he must tender payment of the obligation in full, which it was sought to discharge by the foreclosure of the mortgage. Until this is done, the party seeking redemption has no standing in equity. "He who seeks equity must do equity. The usual illustration of this maxim is the Case of a borrower of money on usurious interest, who comes into a court of equity to ask for relief by having the transaction set aside. Equity will not afford him redress except upon the terms of his returning the amount actually borrowed with lawful interest, because it is as equitable that the person who has loaned the money should have the amount with lawful interest returned to him, as that the borrower should be relieved from his unjust obligation to pay a usurious rate. So also a mortgagor who files a bill to redeem, must offer to do equity by paying the mortgagee his debt, interest and costs." Bispham, Prin. Eq. p. 62, § 43.

In McQuiddy v. Ware, 20 Wall. (87 U. S.) 14, 19, 22 L. Ed. 311, the jurisdiction of the court was attacked on the ground that the order of publication proceeded as in the case of a mortgage, when in fact the instrument involved was not a mortgage. It was urged that the proceeding was to enforce a lien on lands instead of a suit to foreclose a mortgage. The court, refusing to consider

whether or not the proceedings were valid, said: "Apart from all this, the maxim that he who seeks equity must do equity in the transaction in respect to which relief is sought, has not been observed by this complainant. While admitting his indebtedness, and that it has existed for ten years or more, he does not make a tender in court of what is justly due, although he is asking the court to set aside the proceedings by which this indebtedness was satisfied, on the ground of their absolute nullity."

Applying the rule to the plaintiff company in this case, it is here confessing the debt and at the same time seeking in a court of equity relief against its collection by the enforcement of the security given to insure its payment. Until tender of the payment of the debt is made, appellant is without standing in equity, and the decree of the court below can be sustained on this ground alone. There is no theory, therefore, upon which the court would be justified in setting aside this decree.

The decree is affirmed, with costs.