**REYNOLDS v. IMLAY et al.**

No. 191.

District Court of the United States for the District of Columbia.

June 14, 1940.

Supplemental Opinion June 24, 1940.

[redacted]

Brooks T. Sanders, of Washington, D. C., for plaintiff.

John R. Reed, of Washington, D. C., for defendants Charles V. Imlay and District Title Ins. Co.

Leo C. Sullivan, of Washington, D. C., for defendants Fannie Needle and others.

LAWS, Justice.

Upon an examination of the pleadings in this case, I find that following the petition originally filed by the plaintiff in proper person on October 6, 1938, an amended bill was filed by him December 7, 1938; that a further amended complaint was filed by counsel for plaintiff under date of February 28, 1940; and a third amended complaint was filed by counsel under date of April 9, 1940. By the cause of action now stated, relief in equity is sought; a trustee's deed of real estate is prayed to be vacated, set aside and cancelled; a proceeding in ejectment from the real estate is sought to be maintained; and mesne profits, claimed to have been enjoyed by the purchasers at the trustee's sale, are sought to be recovered. The theory of the plaintiff's case is that while the trustee who sold real estate belonging to the plaintiff did so by order of Court, in order to enforce a judgment lien on the real estate owned by plaintiff, yet since the trustee purported to sell only the interest of the plaintiff which was said to have been acquired through one Elwood Flood, and the title which plaintiff did have was acquired not through Elwood Flood but through one Mabel F. Granberry, the trustee's deed of sale was not effective.

[redacted] As of the time of the trustee's sale, made pursuant to order of this Court, the trustee's beneficiary was a judgment creditor of the plaintiff. The property of plaintiff, regardless of how he had acquired it, was sold by the trustee to satisfy a judgment lien against the property by reason of a debt which was undoubtedly due by the plaintiff. Before the plaintiff may obtain relief in equity, in a court of conscience, he must tender to do equity by making full payment of the amount due the judgment creditor. In this case, the sole tender made by the pleadings seems to appear in the bill of complaint last filed, wherein it is stated "that the plaintiff is willing that the judgment creditor's bill be liquidated in these proceedings, or any defendant be reimbursed for any payment on account thereof." At the oral argument, counsel for plaintiff stated the plaintiff would be willing that the sum due to the judgment creditor might be paid out of any net mesne profits to which he might be found to be entitled. Neither of these offers is a sufficient offer or tender, since the judgment creditor is not given assurance his judgment will be collected. There may be no net mesne profits, or, if there are any, they may not be sufficient to pay the judgment debt. Moreover, if this Court should set aside the trustee's deed as prayed, it would be necessary to proceed to sell the property again, in which event an adequate sum to meet the judgment might not be received. Thus the plaintiff appears in the inequitable position of seeking to make a party to whom he has been found to owe a judgment debt, which is a lien on the property, suffer at least the risk of a loss, in order to bring about a claimed benefit which might prove to be of no value to the plaintiff. I, therefore, feel he is not entitled to the relief prayed.

The view which I take of this case seems to be supported by the case of Annapolis Co. v. Wardman et al., 59 App.D.C. 321, 41 F.2d 115, and the case quoted therein, of McQuiddy v. Ware, 20 Wall. 14, 87 U.S. 14, 19, 22 L.Ed. 311. The following language of the Supreme Court is quoted: "Apart from all this, the

maxim that he who seeks equity must do equity in the transaction in respect to which relief is sought, has not been observed by this complainant. While admitting his indebtedness, and that it has existed for ten years or more, he does not make a tender in court of what is justly due, although he is asking the court to set aside the proceedings by which this indebtedness was satisfied, on the ground of their absolute nullity."

I have considered whether the so-called "Count Two" of the Amended Complaint might be treated as an action at law for ejectment. Being part of the bill of complaint setting forth a cause of action in equity, and admittedly being based upon a claim of the alleged wrongful sale referred to in the complaint, this relief is made part of the equitable suit for cancellation of the sale and for the recovery of mesne profits. But granting, arguendo, that the suit may be treated as a separate action at law, it is obvious, from an examination of the pleadings and the decree of the Court in the case of Thomas Reynolds v. Morris Garfinkle, Annie Garfinkle, Max Needle and Annie Needle, At. Law No. 82,234 in this Court, that this same question of ejectment has been finally determined adversely to the plaintiff's contention and is res adjudicata. In said case, it was distinctly alleged that the titles of the defendants against whom ejectment then was sought and now is sought were "void under both the decree in Equity and the title from. Elwood Flood's deed" (see plaintiff's motion for judgment, filed February 20, 1934). The brief in support of plaintiff's motion asserts that he is entitled to possession of the premises from the defendants, because the sale to them of the plaintiff's interest purported to be of an interest acquired through Elwood W. Flood, which interest was a pure fiction, and not the interest to which plaintiff was entitled through deed of Mabel F. Granberry. This is precisely the same question attempted to be asserted in the present case.

Heretofore I have ruled that any claim of the plaintiff against the District Title Insurance Company and against defendant Charles V. Imlay should be dismissed. For the reasons herein set forth, I feel that the cause of action must also be dismissed as against the remaining defendants. Inasmuch as it appears that the plaintiff has had ample opportunity to amend his bill of complaint, and further inasmuch as at the oral hearing of this case plaintiff's counsel was asked directly whether he was in a position to make a definite tender of the amount of judgment with interest, and his sole reply was that such tender would only be made from any mesne profits which might be recovered, I see no useful purpose to be gained in granting further amendments. Accordingly, an order will be entered sustaining the motion to dismiss, insofar as all defendants are concerned and a final judgment entered in their favor against the plaintiff. Since the decree which I shall sign will finally dispose of the plaintiff's claims in all respects, I do not find it necessary at this time to grant the relief prayed by the defendants that the plaintiff shall be enjoined from further proceedings against these defendants in respect of the property referred to. It is my assumption that no further proceedings will be brought, but if they are, defendants may renew their application in this cause for injunction.

### Supplemental Opinion.

It appeared to the Court prior to the signing of the final order herein and after the filing of my opinion of June 14, 1940, that judicial notice was taken of certain pertinent interrelated proceedings in the United States District Court for the District of Columbia, heretofore had between the parties to this action, including Reynolds v. Garfinkle et al., Law 82,234; Decker v. Reynolds, Equity 44,443; Reynolds v. Imlay, Law 75,594 and Reynolds v. Needle et al., Equity 51,515, and that the defendants Morris Garfinkle, Annie Garfinkle and Simon Needle, Morris Needle, Nathan Needle and Phillip Needle, as trustees under the last will and testament of Max Needle, deceased, have now also filed a motion for summary judgment in their behalf.

In view of the above, I feel that the ruling should be that the motions of defendants for summary judgment be granted.