**In re KELSEY et ux.**

No. 1820.

District Court, S. D. California, S. D.

March 12, 1942.

Joseph L. Fainer and Russell E. Parsons, both of Los Angeles, Cal., for debtors.

Harry W. Horton and George R. Kirk, both of El Centro, Cal., for petitioners Imperial Irr. Dist. and William L. Hess.

NETERER, District Judge.

■ It is obvious that the motion to dismiss is futile. This case was dismissed by Judge McCormick on October 16th, 1941. That order is a final order; it was not disturbed by appeal or otherwise, and is in full force and says: "All proceedings hereunder be and the same are hereby dismissed."

■ This is all that need be said. But in view of the contention of counsel that the petition for review by Hess has no status in procedure or law, and finally was not taken within time, is mythical, and that the Conciliation Commissioner's order of Feb. 15th, 1941, is res adjudicata; and that the motion of Imperial Irrigation District to dismiss, it may be said, that the Hess petition was set for hearing, at the time of the hearing of the recommendation of the Conciliation Commission for affirmance; it was with the other issue taken under advisement, and Judge Jenney did direct further report as to the "farmers" status of petitioners, and before rendering the decision the Imperial Irrigation District filed its motion, and he presumptively considered this motion and the Hess petition. All of these matters were in the record and presumptively considered by Judge McCormick when the case was dismissed. The court had a right, and it was its duty, to consider at any time when the issue was raised, in any fashion, the question of jurisdiction. The writer in Charroin v. Romort Mfg. Co. et al., D.C., 236 F. 1011, at page 1012, said:

814

"The question of jurisdiction, however, is one which the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties. Mansfield, etc., Ry. Co. v. Swan, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462; Chicago, Burlington & Q. R. Co. v. Willard, 220 U.S. 413, 31 S.Ct. 460, 55 L.Ed. 521. The jurisdiction of the court is limited, and the court is powerless to determine an issue not within its jurisdiction, and. lack of jurisdiction will defeat an action, even though such lack may not be discovered until the cause finally appears before the Supreme Court of the United States."

■ ■ The jurisdiction could be challenged at any time, in this, the Appellate or Supreme Court, and it was the duty of the court to raise this question on its own motion, if not otherwise challenged. And it was the duty of the Conciliation Commissioner to re-examine the "farmer" status of the petitioners when directed by the Judge.

■ An erroneous order in bankruptcy proceedings may be abrogated unless vested rights in reliance will be disturbed. "The rule is that an erroneous order made during the progress of a bankruptcy proceeding, although not appealed from, may subsequently be set aside and vacated unless rights have become vested in reliance upon it which will be disturbed by its vacation." Wharton v. Farmers & Merchants Bank, etc., 8 Cir., 119 F.2d 487, at page 489 and cases cited.

The Court of Appeals of this Circuit in McLaughlin Land & Livestock Co. v. Bank of America, etc., 9 Cir., 94 F.2d 491, at page 493, defined a farmer as follows: "A farmer, as defined by section 75(r) as amended [11 U.S.C.A. § 203(r)] is an individual who is primarily bona fide personally engaged in producing products of the soil, engaged in dairy farming, the production. of poultry products or livestock in their unmanufactured state, or the principal part of whose income is derived from any one or more of the foregoing operations."

The Conciliation Commissioner found upon the evidence submitted at the hearing that the petitioners were not farmers. And upon submitting his recommendation for dismissal upon which is predicated the order supra of Judge· McCormick this proceedings ended by dismissal.