**In re N. H. DEVELOPMENT CO.**
**No. 10737.**

District Court, N. D. California, N. D.
Oct. 15, 1945.

Charles A. Christin, of San Francisco, Cal., and Joseph D. Taylor, of Los Angeles, Cal., for debtor.

G. D. Schilling and S. J. Tosi, both of San Francisco, Cal., for Bank of America Nat. Trust & Savings Ass'n, creditor.

WELSH, District Judge.

Debtor above named filed a petition herein on the 6th day of August, 1945, praying that proceedings be had in accordance with the provisions of Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203. Said petition was filed at the hour of 3:23 o'clock P. M.

It was so filed within the time it took counsel to cross the hall from the courtroom to the office of the Clerk, immediately following a ruling by this Court denying a petition for rehearing and motion for new trial in case No. 10414, wherein the same corporation had filed a similar petition asking for similar relief. This Court had thereby reaffirmed its ruling that said petitioner was not a farming corporation, that its president and alleged owner of 75% of its stock was not a farmer, and that said corporation was not entitled to the benefits of said Section 75.

Counsel for Bank of America National Trust and Savings Association, the principal creditor of petitioner listed in both petitions, made a motion at approximately 3:35 o'clock P. M. of said day to dismiss the above numbered case, which motion was argued by him and the same counsel who had filed said petition and represented the petitioner in the earlier case. The Court granted the motion and ordered the case dismissed.

Said corporation now makes motions which it calls (1) for a new trial and petition for rehearing, (2) for relief from judgment of dismissal, and (3) to vacate purported sale and petition to quiet title.

It is ordered that all of said motions be denied.

Petitioner makes the claim that it was entitled to have this case referred to a Commissioner for hearing and report. This point was decided adversely in Re Iden, D.C., 35 F.Supp. 1020, 1022, wherein it was said with reference to granting a similar motion dismissing a petition on the ground that a petitioner was not a farmer: "Actually such motion is one which goes to the jurisdiction of the court and if well taken the court is without authority to refer the proceeding to a conciliation commissioner for hearing and report."

If the petition herein had not been dismissed promptly, before formal notice could be given, the N. H. Development Company would have perpetrated a fraud upon its creditors and this Court. It could have blocked the trustee's sale of the real estate which it lists in its schedules in both cases as an asset. The whole tenor of the conduct of the petitioner in this, and in the earlier case, convinces the Court that one of its main purposes was to do just that. It has not impressed the Court with a compliance with the equitable requirement of coming into court with clean hands.

Reasons for denying the motion to set aside the sale which was held are set forth in the opinion this day rendered in case No. 10414, 62 F.Supp. 726. Reasons which impel the denial of petitioner's other motions are the following:

Petitioner utterly failed to meet the requirements which, as the Court said in Re Byrd, D.C., 15 F.Supp. 453, 456, "must start with and be based upon the premise that there is in fact some probabil-

ity of the debtor's rehabilitation along reasonable lines, consistent with the rights of his creditors."

This Court concluded from the testimony of Noel Newton, similarly as did the Court there, that he and the N. H. Development Company "invoked the provisions of subsection (s) not in good faith for his (its) own bona fide rehabilitation, but rather for the purpose of trifling both with his (its) creditors and the Court, in the hope that thereby he (it) may ultimately avoid his (its) just debts or the major portion thereof."

The facts stated in the second petition did not show a changed condition such as more property and less debts. As held in Re Suzuki, D.C., 20 F.Supp. 900, 901, there is, therefore, no occasion to vacate the order dismissing the later petition herein.

The situation here closely parallels that in Re Putnam, D.C., 27 F.Supp. 812, 813, wherein a second substantially similar petition was filed after a prior one had been dismissed, and the Court found "no new proposals of a practical nature are made. The whole matter is purely res adjudicata."

 This Court adheres to its conclusions as did Judge John W. Delehant in Re Mulligan, D.C., 45 F.Supp. 763, 764, 765, that there had been no actual change in the status of the debtor since the institution of the first case and "that the debtor is not a farmer within the reasonable definition of the law." Tested by the standard laid down by Mr. Justice Cardozo in First National Bank v. Beach, 301 U.S. 435, 57 S.Ct. 801, 803, 81 L.Ed. 1206, that in determining a petitioning debtor's status by the definition of a farmer in the amendment "in every case the totality of the facts is to be considered and appraised," Noel Newton and the N. H. Development Company both failed to qualify. The burden of proof was on the petitioner upon the issue of its status for jurisdictional purposes. It did not sustain that burden. It is also considered that its presentation of a petition for relief in this second case is tainted with bad faith. In re Mulligan, supra.

Petitioner is attempting to have the same matters retried, re-argued and reviewed. It offers nothing new but a different number for the case.

Noel Newton is the individual principally interested in these proceedings. His desperate attempts to convert himself into a farmer so as to obtain the benefit of the protective provisions of Section 75, went too far. He, after instituting the original proceedings, No. 10414, obtained an authorization from the Commissioner of Corporations of the State of California for the issuance to himself of certain stock of the N. H. Development Company. Said authorization was conditional that said stock could be issued for cash.

Cash appears to have been the scarcest commodity in Mr. Newton's various operations, however. As no cash passed from him to the corporation, he obtained an amended order from the said Corporation Commissioner approving the appointment of an escrow holder. Said amended order was not obtained until the 1st day of September, 1945.

It is, therefore, evident that the issuance of any stock by the N. H. Development Company to Noel Newton prior to said 1st day of September, 1945, was unauthorized under the corporation laws of the State of California. He therefore was not the owner of 75% of the stock of the said N. H. Development Company. Said corporation therefore did not qualify as a farming corporation on the 6th day of August, 1945, when the said second petition was filed in this court.

Mr. Newton was not qualified to take advantage of the provisions of said Section 75 for still another reason.

 He executed an assignment to his wife, Edna Mills Newton, on the 25th day of January, 1945. Said assignment "sets over, assigns, transfers and conveys to said Edna Mills Newton all of his right, title and interest in and to all shares of stock and all other interest of every kind and character which the undersigned has in the N. H. Development Company." So, if he did not own any stock in said corporation which he could assign he divested himself of "all other interest of every kind and character" which he had in said N. H. Development Company long prior to the filing of said second petition herein.

Even if he were the equitable owner of 75% of the stock of said N. H. Development Company on, and prior to, said 25th day of January, 1945, said Noel Newton disqualified himself to carry the N. H. Development Company into this court under the provisions of said Section 75, as he

was no longer such owner after the execution of said assignment.

That Noel Newton's attempt to convert himself into a farmer cannot be given the stamp of approval is indicated by the case In re Carter, D.C., 38 F.Supp. 726. It was therein held that bad faith appeared in instituting proceedings under Section 75, and that it was not the intention of Congress that said section be used as an instrumentality by which a person might deliberately set out to make use of property as a farm in order to seek the benefits of said section.

In Re Ripley, D.C., 40 F.Supp. 850, 852, this pertinent language was used:.

"One who purchases the naked title to an encumbered farm in which there is no equity on the eve of a foreclosure, for the purpose of thereby bringing himself within the Act is not a 'farmer' as to that land and is not entitled to the benefits of the Act."

In Re Christin, 50 F.Supp. 78, 81, the District Court for the Southern District of California, Central Division, said:

"There is a duty in the courts to see that the provisions of the Bankruptcy Act are not abused and that its privileges are extended only to those who are within its contemplation. * * * it * * * has no application where a subterfuge has been created by one not a farmer whose obvious purpose it is to circumvent and evade the statutory essentials and thereby temporarily escape liability upon his obligations."

The attempts to qualify the petitioner for the extensions under the Act are similar to those of some parents who purchased "farms" for their sons in endeavors to keep them from entering the Armed Forces on the plea that they were "engaged in an agricultural occupation."

There was, fundamentally, no jurisdiction to entertain proceedings pursuant to this second petition. The Court's inherent power to determine its own jurisdiction is well stated in 15 C.J. 851, §§ 170 and 171:

"Every court has judicial power to hear and determine the question of its own jurisdiction, both as to parties and as to subject matter. * * * When at any time or in any manner it is in good faith represented to the court by a party or an amicus curiae that it has not jurisdiction, the court will examine the grounds of its jurisdiction before proceeding further. * * * A court may on its own motion, even though the question is not raised by the pleadings or is not suggested by counsel, recognize the want of jurisdiction, and it is its duty to act accordingly by staying proceedings, dismissing the action, or otherwise noticing the defect, at any stage of the proceedings. * * *" See, also, 21 C.J.S., Courts, §§ 113, 114.

This Court had freshly in mind the testimony in case No. 10414 wherein it had held that the debtor N. H. Development Company was not entitled to classification as a farming corporation when its attention was called to the forthwith filing of a second petition upon the pronouncement from the bench that a motion for a new trial and a petition for rehearing were denied.

Counsel for said N. H. Development Company and his client Noel Newton were both then present in court, but they neither offered nor introduced any new evidence to show any changed condition of the status of N. H. Development Company with reference to its claim of being a farming corporation, or of Mr. Newton with respect to his claim of being a farmer.

The Court took judicial notice of its own records in ordering the dismissal of this case, No. 10737.

That it would have been justified in doing so on its own motion is evident from this language used in Re Kelsey, D.C., 43 F.Supp. 812, 813: "The court had a right, and it was its duty, to consider at any time when the issue was raised, in any fashion, the question of jurisdiction."

That no formal notice of hearing at a subsequent time was needed is indicated by Massey v. Farmers and Merchants Bank, 4 Cir., 94 F.2d 526, 530:

"The debtor charges that it was error on the part of the court to affirm the findings of the conciliation commissioner and dismiss the petition in case No. 4292 without notice to her. * * * it was shown therein that the debtor's petition had not been filed in good faith. * * * The court was therefore justified in putting an end to the proceeding * * *."

Additional reasons for the dismissal herein are stated in Re Archibald, D. C., 14 F.Supp. 437, 440:

"The farmer-debtor, by the first proceeding, had his day in court and the controversy between him and his creditors was adjudicated. I think the doctrine of res judicata applies. * * * Res judicata is a rule of universal law pervading every well regulated system of jurisprudence, and is put upon two grounds, embodied in various maxims of the common law; the one, public policy and necessity, which makes it to the interest of the state that there should be an end to litigation—interest re publicae ut sit finis litium; the other, the hardship on the individual that he should be vexed twice for the same cause—nemo debet bis vexari pro eadem causa."

That this proceeding falls in the category of "the same cause" as case No. 10414 is apparent from the schedules filed in both cases. Much of the material set forth therein is directly copied from the first petition into the second. Schedule B–1, Statement of all Property of Bankrupt, Schedule B–1, Real Estate, is a photostatic copy of the same in the first case. Schedule B–2, Personal Property, herein is also a direct copy from that in the first case. The only exception is Item J, wherein the value of machinery, tools, etc., is given herein as $1200, and in the first case as $700. The items are identical; petitioner simply estimated them as being worth almost twice as much more than three years later.

N. H. Development Company and Noel Newton had the advantages of the protection of this court against creditors from the filing of the petition in case No. 10414, on the 16th day of June, 1943, to the 6th day of August, 1945. The length of that time was due to various causes over which the Court had no control. It is unfortunate that the creditors have been subjected to that delay, inconvenience and expense. It would be unreasonable, unfair and unjustifiable to subject them to further harassment. There should indeed "be an end to litigation."

That the creditors should not "be vexed twice for the same cause," is shown by the opinions rendered in case No. 10414. That the career of Noel Newton was such that he could not qualify as a bona fide farmer under the provisions of the Bankruptcy Act is substantiated by the testimony before the Conciliation Commissioner and before this Court in said case. Reference is hereby made to the opinion filed therein on the 27th day of June, 1945, and reported in 61 F.Supp. 352.

"The law neither does nor requires idle acts." California Civil Code, sec. 3532. It was accordingly unnecessary to hold a hearing on notice or to take any further testimony on what had already been decided by this Court.

"The district court is without jurisdiction of a proceeding for an agricultural composition or extension unless the debtor is engaged in farming operations within the meaning of § 75, sub. r, as amended." Mulligan v. Federal Land Bank, 8 Cir., 129 F.2d 438, 440.

This Court, therefore, cannot be used by petitioner for the purpose of gaining further extensions as against its creditors.