N. H. Development Company and Noel Newton had the advantages of the protection of this court against creditors from the filing of the petition in case No. 10414, on the 16th day of June, 1943, to the 6th day of August, 1945. The length of that time was due to various causes over which the Court had no control. It is unfortunate that the creditors have been subjected to that delay, inconvenience and expense. It would be unreasonable, unfair and unjustifiable to subject them to further harassment. There should indeed "be an end to litigation."

## In re N. H. DEVELOPMENT CO.

### No. 10414.

District Court, N. D. California, N. D.

Oct. 15, 1945.

Charles A. Christin, of San Francisco, Cal., and Joseph D. Taylor, of Los Angeles, Cal., for debtor.

G. D. Schilling and S. J. Tosi, both of San Francisco, Cal., for Bank of America Nat. Trust & Savings Ass'n, creditor.

WELSH, District Judge.

This Court rendered an opinion herein which is reported in 61 F.Supp. 352. Subsequent thereto, a temporary restraining order was issued which restrained the sale of the real property involved until the hearing on an order to show cause and a motion for new trial and petition for rehearing.

Both of said motions were denied, and the order to show cause dismissed on the afternoon of August 6, 1945. The records do not show the exact time of the ruling, but briefs of counsel appear to concede that it was made at about the hour of 3:20 o'clock P. M.

N. H. Development Company now seeks to set aside the sale of said real property by the trustee under the deed of trust. Such sale was held at the hour of five o'clock P. M. on said 6th day of August, 1945, according to the testimony of Floyd Humphrey who conducted the sale.

■ The testimony also shows that S. F. Tosi, counsel for the Bank of America, who appeared on its behalf at the hearing of said motions, was present at said sale. The Court can take judicial notice of the fact that Mr. Tosi had to travel a distance of approximately ninety miles from the courtroom in Sacramento to the Court House at Oroville. This physical fact establishes that the sale took place more than an hour after the motions were determined and the restraining order was void and of no further force or effect.

This Court is not concerned with the manner in which said sale was conducted. It having been made subsequent to the effective time of the restraining order there is no reason why the Court should make any further order with respect to it.

■ Said N. H. Development Company, in connection with its present motion, makes no offer to meet the obligation of the deed of trust. It therefore fails to meet the requirement specified in Annapolis Co. v. Wardman, 59 App.D.C. 321, 41 F.2d 115, wherein it was held that owners of property covered by a deed of trust, until tender of the payment of the debt was made, were without standing in equity in an attempt to set aside a trustee's sale.

■ It is claimed that, as the sale was made at a time after the filing of another petition by N. H. Development Company, similar to the one herein, in proceeding No. 10737, 62 F.Supp. 722, the property was again under the jurisdiction of this Court. This is not tenable for the reason that this Court made an order dismissing said last numbered proceeding as soon as the filing thereof was called to its attention. Such dismissal was made before the sale of the real property took place.

It then was, and still is, our view that the N. H. Development Company was, and is, not a farming corporation and no jurisdiction was, or can be, shown to exist to justify again vexing the creditors of said corporation in another proceeding under Section 75, 11 U.S.C.A. § 203. We agree with the reasoning of the Court in Re Schwartz, D.C., 248 F. 841, 843, to the effect that creditors should not be compelled to expend money and time to defend an unnecessary and futile proceeding and be otherwise vexed and harassed without reason or necessity.

Additional reasons for the denial of petitioner's motion are set forth in the opinion this day filed in case No. 10737, which is hereby made a part hereof.

It is, therefore, hereby ordered that the motion to vacate the sale of said real property be, and the same is hereby denied.